UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY LYNN JONES, JR,

    Plaintiff,

v.

STEVEN DETTELBACH, Director of
the Bureau of Alcohol, Tobacco,
Firearms, and Explosives,

    Defendant.
_____/

Case No.  4:23-cv-11572
District Judge F. Kay Behm
Magistrate Judge Kimberly G. Altman

**ORDER DENYING AS MOOT NON-PARTY'S MOTION
TO OBTAIN DEFENDANT'S RESPONSES AND MOTION
TO AMEND THE COMPLAINT (ECF Nos. 19, 20)
AND
STRIKING NON-PARTY'S MOTION TO STRIKE,
MOTION TO AMEND THE COMPLAINT, RESPONSE TO
THE ORDER TO SHOW CAUSE, RESPONSE TO DEFENDANT'S
MOTION TO DISMISS, AND NOTICE TO THE COURT
THAT THE ACTION INVOLVES A CHALLENGE TO THE
CONSTITUTIONALITY OF A FEDERAL STATUTE
(ECF Nos. 23, 24, 25, 27, 28)**

    I.    Introduction

Plaintiff Ricky Lynn Jones, Jr. (Jones), proceeding *pro se*, filed a complaint against Steven Dettelbach, the Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, in his official capacity seeking a declaration that he is allowed to possess a firearm despite his 2011 felony conviction. (ECF No. 1). He

1

also claims that the federal felony firearm statute, 18 U.S.C. § 922(g)(1), is unconstitutional as applied to him. *Id*. Under 28 U.S.C. § 636(b), all pretrial proceedings have been referred to the undersigned. (ECF No. 9).

Before the Court are four motions, as well as other filings, submitted by Jones' spouse, Antonio Fluker (Fluker).[1] Specifically, Fluker has filed the following motions:

- A motion to obtain Defendant's responses and for an extension of time (ECF No. 19);
- A motion to amend the complaint (ECF No. 20);
- A motion to strike the motion to amend the complaint (ECF No. 24); and
- A second motion to amend the complaint (ECF No. 28)

For the reasons that follow, the motion to obtain Defendant's responses, (ECF No. 19), will be DENIED AS MOOT; the first motion to amend the complaint, (ECF No. 20), will be DENIED AS MOOT; the motion to strike the amended complaint, (ECF No. 24), will be STRICKEN; and the second motion to amend the complaint, (ECF No. 28), will be STRICKEN.

Additionally, as to Fluker's other filings, his response to the order to show cause, (ECF No. 23), will be STRICKEN; and his response to Defendant's motion to dismiss, (ECF No. 27), will be STRICKEN. Finally, Fluker's notice to the Court that the action involves a challenge to the constitutionality of a federal

---

[1] Fluker is not, and has never been, a party to this case, nor is he an attorney.

statute, (ECF No. 25), will be STRICKEN.

## II. Background

Jones filed his complaint on June 30, 2023. (ECF No. 1). Over seven months later, on February 9, 2024, the district court extended the time for service by 90 days. (ECF No. 7). Defendant was served on April 5, 2024, (ECF No. 14), and filed a motion to dismiss in lieu of an answer on June 4, 2024. (ECF No. 16). The Court entered an order requiring Jones to respond to Defendant's motion by July 8, 2024, (ECF No. 17). That date passed with no response from Jones. On September 4, 2024, the Court entered an order to show cause why the case should not be dismissed for failure to prosecute with a response due by September 13, 2024. (ECF No. 18). Again, that date passed with no response from Jones.[2] Fluker then began filing motions on behalf of Jones, each of which will be discussed below. *See* ECF Nos. 19, 20, 24, 28. Then, on October 10, 2024, nearly a month after the due date, Fluker filed a response to the order to show cause on behalf of Jones. (ECF No. 23). On October 16, 2024, Fluker filed a notice to the Court that the action involves a challenge to the constitutionality of a federal statute. (ECF No. 25). On October 22, 2024, Fluker also filed a response to Defendant's motion to dismiss on behalf of Jones. (ECF No. 27).

---

[2] The undersigned has separately entered a report and recommendation recommending that Jones' case be dismissed without prejudice because he has not prosecuted it.

3

III.   Discussion

A.   Motion to Obtain Defendant's Responses (ECF No. 19)

On September 10, 2024, Fluker filed a "motion to obtain defendant's responses and extension of time."[3] (ECF No. 19). Defendant explains that the motion to dismiss, (ECF No. 16), was mailed to Jones' address of record once after it was filed, and then again after Fluker filed this motion. (ECF No. 21, PageID.81). Both times, Defendant mailed the motion to:

> 1409 Sunterrace Drive
> Flint, MI 48532

This is the address included in Jones' original complaint and the proposed complaints attached to his motions to amend. *See* ECF Nos. 1, 20, 28. If this is not the correct address, Jones is expected to provide his correct address to the Court in accordance with the Court's requirements. *See* ECF No. 4. Defendant has no responsibility to send a copy of the motion to Fluker, who is a not a party to this litigation. *See* Fed. R. Civ. P. 5(a)(1). Further, Defendant has already resent the motion to dismiss to Jones' address of record. (ECF No. 21, PageID.81). The motion is therefore DENIED AS MOOT.

---

[3] Although the title of the motion includes the language "extension of time," nowhere in the motion does it ask for extension of a specific deadline. As there are no specifics regarding this request, the undersigned is unable to address it.

B.     Motion to Amend the Complaint (ECF No. 20)

On September 13, 2024, Fluker filed a motion on his own behalf asking that he be added to the case as a plaintiff and that he be mailed the docket sheet and all of Defendant's responses since the inception of the case. (ECF No. 20, PageID.69). This motion was labeled as a motion to amend the complaint, but it is more properly construed as a motion to intervene under Fed. R. Civ. P. 24 because Fluker is asking to be added to the case. *See United States v. City of Eastpointe*, No. 17-cv-10079, 2020 WL 127953, at *2 (E.D. Mich. Jan. 10, 2020). However, Fluker later filed a motion purporting to request that the Court strike his earlier motion to amend. (ECF No. 24). That motion will be discussed below, but in light of Fluker's intent to remove the motion to amend from the Court's consideration, that motion is DENIED AS MOOT.

C.     Motion to Strike and Motion to Amend (ECF Nos. 24, 28)

On October 16, 2024, Fluker filed a motion to strike his earlier motion to amend the complaint. (ECF No. 24). At the bottom of this motion, Fluker signed his own name and Jones' name "with consent." (*Id.*, PageID.106). On October 22, 2024, Fluker filed another motion to amend the complaint, again signing his own and Jones' name "with consent." (ECF No. 28, PageID.137). Both of these motions came from Fluker's address in Pennsylvania.

5

"In all courts of the United States the parties may plead and conduct their own cases *personally* or *by counsel*…" 28 U.S.C. § 1654 (emphasis added). Under this requirement, "[a] person may not appear *pro se* on another person's behalf in the other's course of action." *Zanecki v. Health Alliance Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014).

In both motions filed by Fluker, Fluker is attempting to file on behalf of both himself and Jones. As discussed above, Fluker is not a party to the case, and there is no motion to intervene properly before the Court. He therefore is not a *pro se* plaintiff who may file these motions on his own behalf. As for Fluker's attempts to file the motions on behalf of Jones, Fluker is also not an attorney. Jones is *pro se*, meaning he is required to personally sign and file every motion submitted to the Court. *See* Fed. R. Civ. P. 11(a). Because he did not, these motions are considered unsigned under Fed. R. Civ. P. 11(a). S*ee Martin v. Fennville Public School District*, No. 1:21-CV-202, 2021 WL 5579204, at *1 (W.D. Mich. May 4, 2021) (explaining that when a document is signed by a nonlawyer on behalf of another, it is an unsigned paper under Fed. R. Civ. P. 11(a)).

Under Rule 11, the court "must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). This is not a situation where a motion was inadvertently submitted without a signature. Instead, a non-party intentionally filed both

6

motions purporting to act on Jones' behalf. As such, the underlying principle of Rule 11 comes into play, "namely that in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Martin*, 2021 WL 5579204, at *2 (quoting *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). As such, Fluker's motion to strike, (ECF No. 24), and motion to amend the complaint, (ECF No. 28), are STRICKEN.

    D.    Fluker's Responses to the Order to Show Cause and Defendant's Motion to Dismiss (ECF Nos. 23, 27)

On October 10, 2024, Fluker purported to file a response to the order to show cause on Jones' behalf. (ECF No. 23). On October 22, 2024, Fluker again purported to file a response to Defendant's motion to dismiss on Jones' behalf. (ECF No. 27). In both responses, as with the motions Fluker filed, Fluker signed his own name and Jones' name "with consent." As discussed above, Fluker is not a party to this case, nor is he an attorney. He therefore cannot file responses on Jones' behalf. As with the motions filed by Fluker, these responses are STRICKEN.

    E.    Fluker's Notice to the Court (ECF No. 25)

On October 16, 2024, Fluker filed a "notice to the Court that action involves challenge to constitutionality of federal statute 18 U.S.C. 922(G)(1) pursuant to Federal Rule of Civil Procedure 5.1(A)(1)(A)." At the bottom, Fluker once again signed his own name and Jones' name "with consent." As discussed above, Fluker

is not a party to this case, nor is he an attorney. He therefore cannot file a notice on Jones' behalf. As with the motions and responses filed by Fluker, this notice is STRICKEN.

IV. Conclusion

For the reasons stated above, the motion to obtain Defendant's responses, (ECF No. 19), is DENIED AS MOOT; the first motion to amend the complaint, (ECF No. 20), is DENIED AS MOOT; the motion to strike the amended complaint, (ECF No. 24), is STRICKEN; the second motion to amend the complaint, (ECF No. 28), is STRICKEN; Fluker's response to the order to show cause, (ECF No. 23), is STRICKEN; Fluker's response to Defendant's motion to dismiss, (ECF No. 27), is STRICKEN; and Fluker's notice to the Court that the action involves a challenge to the constitutionality of a federal statute, (ECF No. 25), is STRICKEN.

Jones is cautioned that **any additional filings by Fluker while he is not a plaintiff in this case will be stricken**.

SO ORDERED.

Dated: October 31, 2024  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
  United States Magistrate Judge

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 31, 2024.

                                              s/Kristen Castaneda
                                              KRISTEN CASTANEDA
                                              Case Manager