UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY LYNN JONES, JR,

    Plaintiff,

v.

STEVEN DETTELBACH, Director of
the Bureau of Alcohol, Tobacco,
Firearms, and Explosives,

    Defendant.
_____/

Case No. 4:23-cv-11572
District Judge F. Kay Behm
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION TO DISMISS THE CASE FOR FAILURE TO PROSECUTE

I.    Introduction

Plaintiff Ricky Lynn Jones, Jr. (Jones), proceeding *pro se*, filed a complaint against Steven Dettelbach, the Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, in his official capacity seeking a declaration that Jones is allowed to possess a firearm despite his 2011 felony conviction. (ECF No. 1). Jones also claims that the federal felony firearm statute, 18 U.S.C. § 922(g)(1), is unconstitutional as applied to him. *Id*. Under 28 U.S.C. § 636(b), all pretrial proceedings have been referred to the undersigned. (ECF No. 9). For the reasons that follow, the undersigned RECOMMENDS that the case be DISMISSED WITHOUT PREJUDICE for failure to prosecute. As will be explained, a non-

1

party, Antonio Fluker (Fluker), has since attempted to litigate this case on behalf of Jones; Jones himself has not prosecuted the case for months. Fluker's filings are the subject of a separate order.

## II. Background

Jones filed his complaint on June 30, 2023. (ECF No. 1). Over seven months later, on February 9, 2024, the district court extended the time for service by 90 days because Defendant had not yet been served. (ECF No. 7). Defendant was served on April 5, 2024, (ECF No. 14), and filed a motion to dismiss in lieu of an answer on June 4, 2024. (ECF No. 16). The same day, the Court entered an order requiring Jones to respond to Defendant's motion by July 8, 2024. (ECF No. 17). That date passed with no response from Jones. On September 4, 2024, the Court entered an order to show cause why the case should not be dismissed for failure to prosecute, with a response due by September 13, 2024. (ECF No. 18). Again, that date passed with no response from Jones.

As indicated above, Fluker,[1] Jones' spouse, then began filing motions on Jones' behalf. *See* ECF Nos. 19, 20, 24, 28. Then, on October 10, 2024, nearly a month after the due date, Fluker filed what purports to be a response to the order to show cause on Jones' behalf. (ECF No. 23). On October 22, 2024, Fluker also filed a response to Defendant's motion to dismiss on Jones' behalf. (ECF No. 27).

---

[1] Fluker is not, and has never been, a party to this case, nor is he an attorney.

2

Along with the filing of this report and recommendation, the Court has entered an order dismissing two of Fluker's motions as moot and striking the rest, as well as striking Fluker's purported responses to Defendant's motion to dismiss and the order to show cause because Fluker is not a party or an attorney and he therefore cannot file papers on Jones' behalf. (ECF No. 29). Jones himself has not taken any action on this case since he submitted incomplete service documents to the Court on February 15, 2024.

### III.     Legal Standard

"Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). Moreover, under Local Rule 41.2, "when . . . the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2.

Under both Fed. R. Civ. P. 37(d) and 41(b), the test to determine whether dismissal is warranted is the same: 1) was the failure to cooperate or prosecute due to willfulness, bad faith, or fault; 2) was the adversary prejudiced by the party's conduct; 3) was the party warned that failure to cooperate or prosecute could lead

3

to dismissal; and 4) the existence and appropriateness of less drastic sanctions. *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (dismissal under Fed. R. Civ. P. 37(b)); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (dismissal under Fed. R. Civ. P. 41(b)).

IV.  Discussion

Under the first factor, it is unclear whether Jones' failure to prosecute is due to willfulness or bad faith, but he is certainly at fault in the failure. Jones clearly received the Court's order to show cause because Fluker eventually filed a response to it. (ECF No. 23). Neither the Court nor Defendant has been mailing correspondence to Fluker, so it seems Jones saw fit to send the order to Fluker for a response rather than respond on his own behalf.

Further, in Fluker's motion to obtain Defendant's responses filed on September 10, 2024, Fluker stated that Jones had not received "any of the defendant's responses or additional documents." (ECF No. 19, PageID.67). However, Defendant claims to have mailed the motion to dismiss to Jones both when it was filed and then again shortly after Fluker's motion was filed. (ECF No. 21, PageID.81). If Jones' address is incorrect on the docket or if he moved, it is his responsibility to update the Court with his new or correct address under the Court's requirements. *See* ECF No. 4. He has not done so. Overall, through his own fault, Jones has failed to file two responses on his own behalf, and he has failed to

4

correct or update his address with the Court if it is in fact necessary. Therefore, this first factor weighs in favor of dismissal for failure to prosecute.

Under the second factor, Defendant was prejudiced by Jones' failure to prosecute because Defendant's motion to dismiss sat on the docket without any response for over four months, even after the Court ordered Jones to file a timely response and he failed to meet the deadline. When a response was filed on October 22, 2024, it was filed by Fluker, a non-party to the case, and had to be stricken from the record. Even more, in the time between Defendant's motion to dismiss and Fluker's purported response, Fluker has filed four motions, three of which Defendant has had to take the time to respond to. Meanwhile, Jones, the actual party to this case, has been silent. Defendant and the Court have expended resources responding to and considering all of Fluker's filings while Jones has not provided any indication that he is even interested in continuing with this case. As such, the second factor also weighs in favor of dismissal for failure to prosecute.

Under the third factor, Jones was ordered to respond to Defendant's motion to dismiss by July 8, 2024, and he failed to do so. (ECF No. 17). On September 4, 2024, Jones was ordered to show cause why the case should not be dismissed for failure to prosecute, and he failed to do so. (ECF No. 18). In the order to show cause, the Court expressly warned Jones that failure to file a timely response could result in a recommendation that his case be dismissed for lack of prosecution under

5

Fed. R. Civ. P. 41(b) and Local Rule 41.2. (*Id.*, PageID.66). Considering this express warning, the third factor weighs in favor of dismissal for failure to prosecute.

Finally, under the fourth factor, there are no meaningful sanctions left other than dismissal. For over eight months, Jones has not involved himself in this litigation, instead seemingly handing the case over to Fluker. There has been no indication to the Court that Jones has any interest in being involved with this case going forward. Every document filed in this case since Jones submitted incomplete service documents over eight months ago has been sent by Fluker from his address at a correctional facility in Pennsylvania. *See* ECF Nos. 19, 20, 23, 24, 25, 27, 28. This Court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, and where defendants expended resources on an abandoned action and lesser sanctions would prove useless. *See e.g., Croton v. Recker*, No. 11–15433, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012). Therefore, this factor also weighs in favor of dismissing for failure to prosecute.

Given Jones' *pro se* status, the undersigned recommends dismissal without prejudice. *See Bumpus v. Porter*, No. 3:21-CV-00531, 2021 WL 5178837, at *1 (M.D. Tenn. Nov. 8, 2021) (explaining that a "[p]laintiff's pro se status, combined with the preference for disposing of cases on their merits, would ordinarily dispose

6

the [c]ourt toward dismissal without prejudice").

## V. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that the case be DISMISSED WITHOUT PREJUDICE for Jones' failure to prosecute under Fed. R. Civ. P. 41(b) and Local Rule 41.2.

Dated: October 31, 2024　　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 31, 2024.

s/Kristen Castaneda  
KRISTEN CASTANEDA  
Case Manager