UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICKY LYNN JONES, JR, | Case No. 23-cv-11572 |
| Plaintiff, | Hon. F. Kay Behm |
| v. | United States District Judge |
| STEVEN DETTELBACH, | Hon. Kimberly G. Altman |
| Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, | U.S. Magistrate Judge |
| Defendant. | |
| _____ / | |

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S OCTOBER 31, 2024, REPORT AND RECOMMENDATION (ECF No. 30)**

Currently before the court is Magistrate Judge Altman's October 31, 2024, Report and Recommendation (ECF No. 30). Magistrate Judge Altman recommends dismissal without prejudice. The Court is fully advised in the premises and has reviewed the record and the pleadings. Neither party has filed objections, which were due within 14 days of service of the recommended disposition (here, the Report and Recommendation was mailed to Jones' listed address on October 31, 2024). Fed. R. Civ. P. 72(b)(2); Local Rule 72.1(d); *see* Docket entries following ECF No. 30. "[T]he failure to object to the magistrate judge's

1

report[] releases the Court from its duty to independently review the matter." *Hall v. Rawal*, 2012 WL 3639070 (E.D. Mich. Aug. 24, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The court nevertheless agrees with the Magistrate Judge's recommended disposition. The court notes that Plaintiff Ricky Lynn Jones, Jr. (Jones) proceeded *pro se* in this matter and that Jones has not taken any action on this case since he submitted incomplete service documents to the Court on February 15, 2024. While Jones' spouse, Antonio Fluker, has apparently attempted to file motions and responses on Jones' behalf, he is not, and has never been, a party to this case, nor is he an attorney. *See* ECF Nos. 19, 20, 24, 28, 23, 27, 29. As the Magistrate Judge pointed out in striking Fluker's filings (ECF No. 29), "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ." 28 U.S.C. § 1654. Under this requirement, "[a] person may not appear pro se on another person's behalf in the other's course of action." *Zanecki v. Health Alliance Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014). The Magistrate Judge also noted that "in Fluker's motion to obtain Defendant's responses filed on September 10, 2024, Fluker stated that Jones had not received 'any

2

of the defendant's responses or additional documents.'" ECF No. 30, PageID.162 (quoting ECF No. 19, PageID.67). However, "if Jones' address is incorrect on the docket or if he moved, it is his responsibility to update the Court with his new or correct address under the Court's requirements. He has not done so." ECF No. 30, PageID.162 (citing ECF No. 4, Notice Regarding Parties' Responsibility to Notify Court of Address Changes).

Therefore, the Court **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 30) and **DISMISSES** the complaint without prejudice for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2. This is a final order that closes the case.

**SO ORDERED**.

Date: November 21, 2024         s/F. Kay Behm
                                F. Kay Behm
                                United States District Judge