UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICKY LYNN JONES, JR, | Case No. 23-11572 |
| Plaintiff, | Hon. F. Kay Behm |
| v. | United States District Judge |
| STEVEN DETTELBACH, | Hon. Kimberly G. Altman |
| Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, | U.S. Magistrate Judge |
| Defendant. | |
| _____ / | |

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION (ECF No. 35)
AND MOTION TO AMEND COMPLAINT (ECF No. 33)**

**I.   INTRODUCTION**

Plaintiff Ricky Jones, Jr. ("Jones"), filed a complaint alleging violation of his Second Amendment rights because he may not legally possess a gun under 18 U.S.C. § 922(g)(1) (the federal felon in possession law).  Defendant filed a Motion to Dismiss in June 2024 under Rule 12(b)(1) and 12(b)(6), arguing that Jones both lacked standing to challenge § 922(g)(1) as unconstitutional because he sought a declaratory judgment and cannot establish injury-in-fact, and that Jones failed to state a claim upon which relief could be granted.  ECF

1

No. 16.  After Jones failed to file anything in this case in response to that motion,[1] the Magistrate Judge recommended, and this court agreed, that the case should be dismissed without prejudice for failure to prosecute.  *See* ECF No. 30 (Report & Recommendation); ECF No. 31 (Order Accepting and Adopting the Report & Recommendation).

Jones now brings objections to the Report and Recommendation (ECF No. 35), which was docketed on October 31, 2024, making his objections due November 14, 2024.  Jones' objections are dated November 14, 2024, *see* ECF No. 35, PageID.189 (certifying that on November 14, Jones mailed these documents to the court) but were received on December 11, 2024.  These documents were also received by the court in a single envelope containing other filings which were signed and dated December 2, 2024.  *See Jones v. Dettelbach*, Case No. 24-13299, ECF No. 1, PageID.6, 9 (case docketed using those documents in the same envelope; the envelope is scanned as part of his objections and this new complaint).  The court can thus fairly infer that these documents were not, in fact, mailed until at least December 2, 2024

---

[1] A number of filings were made by Jones' spouse, Antonio Fluker, apparently on Jones' behalf.  However, Fluker is not a party to this case or an attorney and may not represent Jones; his filings were stricken by the Magistrate Judge on October 31, 2024.  ECF No. 29.

2

(and again, were not received until December 11, 2024). The court's opinion and order adopting the Magistrate Judge's recommendation was filed on November 21, 2024, one week after objections were due, and Jones' objections are untimely. As part of that packet of filings, he also files a "Response to Motion to Dismiss" (ECF No. 34) and a "Motion to Amend Complaint" (ECF No. 33).

For the reasons stated below, the court construes Jones' objections, his response to the motion to dismiss, and his motion to amend as a Motion for Reconsideration under Rule 60(b), and **DENIES** that motion.

## II. STANDARD OF REVIEW

A motion for reconsideration of an order dismissing a case is governed by Federal Rule of Civil Procedure 60(b). Jones' filings from December 11, while too late to be considered as proper responses to the motion to dismiss (filed in June), and the report and recommendation (filed October 31), are timely if construed as a motion to reconsider the court's order dismissing the case.

Rule 60(b) provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve

3

>a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>>(1) mistake, inadvertence, surprise, or excusable neglect;
>>
>>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>>(4) the judgment is void;
>>
>>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>>(6) any other reason that justifies relief.

None of the first five apply in this case. To the extent that plaintiff alleges facts which could be construed as arguing that his delay in this case is attributable to "excusable neglect," such as his assertion that "plaintiff was without defendant's motion to file a comprehensive response," (*see* ECF No. 35, PageID.187), the court does not agree that, when proceeding pro se, the failure to make any filings in a case for six months constitutes excusable neglect. As the Magistrate Judge noted, if

4

Jones was not receiving the Defendant's filings, *see* ECF No. 19, it was his duty to inform the court of his correct or new address. *See* ECF No. 4; ECF No. 30, PageID.162-63. The Magistrate Judge has also explained why Fluker's filings should not be attributed in any way to Jones. *See* ECF No. 30, PageID.161-62. Jones' failure to respond to the motion to dismiss or to make a timely objection to the Magistrate Judge's report and recommendation are attributable to his own fault.

That leaves a motion under the catch-all provision represented by Rule 60(b)(6). "A movant seeking relief under Rule 60(b)(6) must show 'extraordinary circumstances' justifying the reopening of a final judgment." *Abdur'Rahman v. Carpenter*, 805 F.3d 710, 713 (6th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)), *cert. denied*, 137 S. Ct. 1201 (2017). Trial courts have "especially broad" discretion in considering motions made under Rule 60(b)(6). *Tyler v. Anderson*, 749 F.3d. 499, 509 (6th Cir. 2014) (internal quotation omitted). The court finds no reason to grant that motion here.

### III.  ANALYSIS

Federal Rule of Civil Procedure 41(b) provides for dismissal when "the plaintiff fails to prosecute or to comply with these rules or a court

5

order." Fed. R. Civ. P. 41(b); *see Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (noting that a district court may order dismissal under Rule 41(b) sua sponte). When considering dismissal under this rule for failure to comply with the rules or court order, courts should consider (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999); *see Blount v. Univ. of Cal. Berkeley Police Dep't*, No. 23-6012, 2024 U.S. App. LEXIS 10516, at *4 (6th Cir. Apr. 30, 2024) (applying the standard to failure to comply).

A *pro se* litigant generally receives some additionally leeway in the interests of justice. *See McCallum v. Gilless*, 38 F. App'x 213, 216 (6th Cir. 2002). However, he must still "comply with the basic rules of court." *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Donaldson v. US Bank Nat'l Ass'n*, No. 12-

6

13435, 2015 U.S. Dist. LEXIS 191590, at *4 (E.D. Mich. Sep. 28, 2015) ("pro se litigants are not excused from failing to follow basic procedural requirements such as filing deadlines, nor given special or preferential treatment when pro se parties respond to motions") (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988)).

As to the first factor, the Magistrate Judge's recommendation (ECF No. 30) was clear about the deadline to file objections to that report. Jones has proven himself able to communicate with the court and file documents as needed (*see* ECF Nos. 33, 34, 35), and he has not provided any evidence that he was not capable of doing so himself within the ordinary time limits. *See* ECF No. 30, PageID.162. The second factor also weighs against Jones; Defendant was forced to respond to a non-party's filings while it waited for Jones' response. ECF No. 30, PageID.163. The third factor weighs against Jones; as he recognizes in his objections, the court warned plaintiff of the consequences of failing to comply. ECF No. 18; ECF No. 35, PageID.187. Finally, while the dismissal of an action for failure to prosecute "is a harsh sanction which the court should order only in

7

extreme situations showing a clear record of contumacious conduct by the plaintiff," *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting citation omitted), "the sanction of dismissal without prejudice is a comparatively lenient sanction" that is reviewed under a more "relaxed" standard. *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004). Here, there are no facts suggesting that this comparatively lenient sanction was not appropriate,[2] and more importantly, there are no facts showing that "exceptional circumstances" exist to overturn this court's final order.

## IV. CONCLUSION

The court therefore **DENIES** Jones' Motion to Amend Complaint as moot (ECF No. 33), declines to further consider his untimely response to the motion to dismiss, and **DENIES** Jones' objections to the report and recommendation (construing those objections as a motion for reconsideration under Rule 60(b)). The case remains closed. Further filings under this docket number will not be considered.

**SO ORDERED**.

---

[2] Although not dispositive, the court notes that Jones has, consistent with the dismissal without prejudice, filed a new and facially identical case at Case No. 24-13299.

8

Date: December 20, 2024    <u>s/F. Kay Behm</u>
　　　　　　　　　　　　　F. Kay Behm
　　　　　　　　　　　　　United States District Judge